UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62137-CIV-COHN/SELTZER

ROBERT BURDICK,

    Plaintiff,

vs.

BANK OF AMERICA, etc., et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GREEN TREE SERVICING'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Green Tree Servicing, LLC's ("Green Tree's") Motion for Summary Judgment [DE 105] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 116], and Defendant's Reply [DE 124]. The Court has also considered Plaintiff's Notice of Supplemental Authority [DE 126] and Defendant's Response [DE 127]. The Court has reviewed the Record in this case and is otherwise advised in the premises.

This case concerns Green Tree's servicing of Plaintiff's mortgage debt. Plaintiff alleges that in handling Plaintiff's account, Green Tree (1) violated the Federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, by making misleading statements in connection with the collection of a debt [DE 85 at 9–11], (2) violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., by refusing to conduct a reasonable investigation in response to Plaintiff's inquiry [id. at 11–13]; and (3) committed Negligence Per Se, based upon the same conduct as its purported RESPA violation [id. at 13–15].

As set forth below, the Court will **GRANT in part and DENY in part** the Motion. The Motion will be granted as to Plaintiff's Negligence count, and denied as to all the others.

### I.     Standard

The Court will grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56, the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party may not rely merely on allegations or denials in its own pleading, but instead must come forward with specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56; Matsushita, 475 U.S. at 587.

As long as the non-moving party has had ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party is

merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249–50.

## II.     Background

Plaintiff sues Green Tree for alleged misconduct in connection with the servicing of the mortgage on his home. [DE 85 at 2.] Plaintiff's problems stem from the decision of a prior servicer (Bank of America),[1] in 2006, to force-place insurance on the property. [DE 104 at 4.] This decision was improper, in Plaintiff's view. Nevertheless, the force-placed insurance more than doubled Plaintiff's combined monthly mortgage and escrow payments, placing them beyond Plaintiff's ability to pay. [Id.] Plaintiff continued to submit payment at what he believed to be the proper rate, and Bank of America accepted and applied these payments until October of 2009. [Id. at 6.]

In October of 2009, Bank of America stopped immediately crediting the payments and instead held them in a separate account. [Id. at 6–7.] Plaintiff continued to pay. However, Bank of America would apply the money to Plaintiff's debt only after enough accrued for a full monthly payment, including the force-placed insurance premiums. In September 2011, Bank of America stopped accepting Plaintiff's payments altogether, and decided to foreclose on the home. [Id. at 7.] At this time, even though Plaintiff had made his original monthly payment every month, Plaintiff's account reflected that Plaintiff's last payment came in May 2010. [Id.]

Defendant Green Tree became the servicer of Plaintiff's mortgage in December of 2012. [Id. at 9.] Two of its actions underlie this suit. First, on February 11, 2014, Plaintiff's foreclosure attorney sent Green Tree a letter that constituted a Qualified Written Request under RESPA. [Id. at 10.] The letter observed that, on February 22,

---

[1] Plaintiff has settled the claims he brought against Bank of America. [DE 112, 123.]

2013, Plaintiff received correspondence from Green Tree stating that he had not made any payment on his mortgage "since June 1, 2010." [Id. 10; DE 85-5 at 5.]  The letter further stated that this was not true, and that Plaintiff made payments "well into 2011, and stopped doing so only after his payments were repeatedly returned." [DE 104 at 10; DE 85-5 at 6.]  More than a month later, Green Tree responded. [DE 104 at 11; DE 85-6 at 1.]  Green Tree observed that Plaintiff had filed a voluntary Chapter 13 bankruptcy petition in November 2013, and that any objection to Green Tree's characterization of the debt should have been made in that action. [DE 104 at 11; DE 85-6 at 1.]  In response to Plaintiff's further inquiry, Green Tree sent Plaintiff's lawyer another letter that did explain the discrepancy. [DE 104 at 11–12; DE 85-8 at 1.]

Second, Plaintiff complains of two other letters from Green Tree to his attorney.  The first is a "Monthly Information Statement" attached to Plaintiff's Complaint [DE 85-9].  It reflects four "Insurance Advance Disbursements" totaling $3,634.50. [DE 104 at 15; DE 85-9 at 1.]  It also includes the following notice, in all caps:

> THIS IS NOT A BILL.  THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY.  PLEASE PAY THE BANKRUPTCY TRUSTEE OR GREEN TREE DIRECTLY, ACCORDING TO THE TERMS OF YOUR BANKRUPTCY PLAN.

[DE 104 at 15; DE 85-9 at 1.]

The second letter is a "Notice of Default" dated June 12, 2014. [DE 104 at 15; DE 85-4 at 1–2.]  This notice informs Plaintiff that he is in default on his mortgage for "[f]ailure to submit your monthly payments due 06/01/2010 through 6/01/2014." [DE 104 at 15; DE 85-4 at 1.]  Further, the notice informs Plaintiff that "[i]f you do not cure the default in the time allowed by taking action as stated above, the creditor may exercise any or all of our remedies provided by law and in your Note." [DE 85-4.]  The letter lists

4

"Green Tree Servicing LLC" as the "creditor." [Id.; DE 104 at 15.] But it also contains the following notice, in bolded type towards the top of the letter:

> If you filed bankruptcy or obtained a discharge in bankruptcy, this communication is not intended as an attempt to collect a debt from you personally. You therefore have no personal obligation to pay on this account. By sending this notice, Green Tree Servicing LLC ("Green Tree") is complying with statutory notice requirements to enforce the lien against the property. Please read this communication carefully if you wish to avoid foreclosure and/or repossession of the secured property.

[DE 104 at 15–16; DE 85-4 at 1.]

Based upon the above-described conduct, Plaintiff brings three claims. For Green Tree's response to his February 11, 2014, Qualified Written Request, Plaintiff sues for violation of RESPA (Count II) [DE 85 at 11–13] and Negligence per se (Count III) [id. at 13–15]. And for Green Tree's June 12, 2014, Notice of Default and the Information Statement, Plaintiff sues for violation of the FDCPA. [Id. at 9–11.]

### III.  Discussion

Green Tree's Motion will be granted in part and denied in part. The Court will grant the motion with respect to Plaintiff's Negligence per se claim. But it will deny the Motion based on Plaintiff's FDCPA and RESPA claims. The Court separately analyzes each.

#### A.  Plaintiff's FDCPA claims will survive summary judgment

To establish a claim under the FDCPA, a plaintiff must show "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Robert J. Orovitz, P.A., 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotations omitted). Per the FDCPA, a debt

5

collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15. U.S.C. § 1692e.  In the Eleventh Circuit, such representations are judged under the "least sophisticated consumer" standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 n.11 (11th Cir. 1985).  "The question is not whether [a plaintiff] was deceived, but whether the 'least sophisticated consumer' would have been deceived."  Id.  Further, if multiple inferences can be made based upon the same language, the factfinder should decide which set of inferences to draw.  Kuehn v. Cadle Co., Inc., 335 F. App'x 827, 830 (11th Cir. 2009).

In light of this deferential standard, summary judgment is inappropriate as to Plaintiff's claims based upon both Green Tree's Notice of Default and the Monthly Information Statement.  They both contain information that a factfinder could conclude would mislead the least sophisticated consumer.  For example, the Monthly Information Statement shows $3,634.50 worth of charges made on April 10, 2014, each described as an "Insurance Advance Disbursement."  [DE 85-9 at 1.]  But Green Tree acknowledges that these disbursements had nothing to do with insurance and instead were for "legal fees incurred by the noteholder, [Bank of New York Mellon], in the foreclosure action."  [DE 104 at 14–15.]

The Notice of Default, for its part, misidentifies Green Tree as the "creditor" on Plaintiff's account.  [DE 85-4 at 1.]  The creditor is, in fact, Bank of New York Mellon.[2] [DE 104 at 15.]  And, although the document states that Plaintiff has no personal liability

---

[2] The Court rejects Green Tree's argument [see DE 105 at 19–20] that this misrepresentation cannot support an FDCPA claim because it is immaterial.  The Eleventh Circuit has upheld findings of FDCPA liability for misidentifying a creditor.  See Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 833 (11th Cir. 2010) (denying applicability of bona fide error defense because misidentifying the creditor on a letter "was not an objectively reasonable mistake")

for the debt on account of his Chapter 13 Bankruptcy, the Notice of Default also states that "[i]f you do not cure the default in the time allowed . . . the creditor may exercise any or all of our remedies provided by law and in your Note." [DE 85-4 at 1.] Under the terms of the Note, Plaintiff "[i]s fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed," and the Note provides for collection against Plaintiff personally. [DE 85-6 at 10.] Finally, the Court agrees that the language in the Notice of Default that Plaintiff "failed to submit [his] monthly payments due 06/01/2010 through 06/01/2014" [DE 85-4 at 1] can support an FDCPA claim. A rational factfinder could conclude that this language would mislead the least sophisticated consumer into believing that his mortgage servicers had neither received nor credited his monthly payments from June 1, 2010, though September 2011.

The Court is not persuaded by Green Tree's arguments that the FDCPA does not apply to these letters. The Eleventh Circuit recently dispensed with Green Tree's argument that the FDCPA does not apply to letters sent to a debtor's attorney. See Miljkovic v. Shafritz and Dinkin, P.A., No. 14-13715, 2015 WL 3956570, at *8 (11th Cir. June 30, 2015) ("A proper reading of the statutory text dictates that a debt collector's communications with a consumer's attorney . . . are subject to §§ 1692d–1692f of the Act to the same extent as a debt collector's communications with the consumer himself.").

And, while many FDCPA provisions do not apply to foreclosure on a security interest, the Eleventh Circuit has recognized that a notice of default letter sent in connection with foreclosure can also constitute an effort to collect the underlying debt.

7

Reese v. Ellis, Painter, Rotterree & Adams, LLP, 678 F.3d 1211, 1217 (11th Cir. 2012) ("[t]he fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e."); cf. Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (holding that a mortgage servicer did not violate the FDCPA "by failing to respond to [a plaintiff's] request for verification of his debt before it proceeded with a foreclosure sale of his home").  The Notice of Default in this case asks Plaintiff to pay the balance of his mortgage and therefore attempts to collect the underlying debt.

Finally, the Court rejects Green Tree's argument that the Monthly Information Statement is not made in connection with its efforts to collect a debt.  Despite the "Information Statement" label, the letter explicitly asks Plaintiff to make good on its obligations and "pay the bankruptcy trustee or Green Tree directly, according to the terms of [his] Bankruptcy Plan." [DE 85-9 at 1.]  This is, of course, consistent with a mortgage servicer's reason for being—to collect an obligor's money on behalf of a creditor bank.

Accordingly, the Court will deny Defendant's Motion for Summary Judgment as to Plaintiff's FDCPA claims.

### B. Plaintiff's RESPA claim will survive summary judgment

Plaintiff's RESPA claim will also survive summary judgment.  Plaintiff contends that Green Tree violated RESPA's requirement, at 12 U.S.C. § 2605(e), by failing to properly respond to his qualified written request.  RESPA governs a servicer's conduct in connection with certain "federally related mortgage loans." McLean v. GMAC Mortgage Corp., 398 F. App'x 467, 471 (11th Cir. 2010).  Per Section 2605(e), in response to a customer inquiry—

8

>       the servicer must: (1) make appropriate corrections in the
>       account of the borrower and transmit a written notification of
>       such correction; (2) after conducting an investigation,
>       provide the borrower with a written explanation that includes
>       a statement of the reasons for which the servicer believes
>       the account is correct, and the name and telephone number
>       of an employee or department that can provide further
>       assistance; or (3) after conducting an investigation, provide
>       the borrower with a written explanation that includes the
>       information requested by the borrower or an explanation of
>       why the information requested is unavailable, along with the
>       name and telephone number of an employee or department
>       that can provide further assistance.

McLean, 398 F. App'x at 471. If a loan servicer fails to comply with the statute, an individual borrower may recover any actual damages, and up to $2,000 in statutory damages "if there is a pattern or practice of noncompliance with RESPA." § 2605(f). RESPA is a consumer protection statute, and should be construed liberally to best serve Congress's intent. McLean, 398 F. App'x at 471. (citing Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006) and Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 707 (11th Cir. 1998)).

The record on summary judgment permits a reasonable factfinder to conclude that Green Tree failed to conduct the required inquiry in response to Plaintiff's February 11, 2014, Qualified Written Request. Viewed in the light most favorable to Plaintiff, his attorneys' Qualified Written Request states a belief that Plaintiff's mortgage servicers failed to receive or misapplied several payments that Plaintiff made from June 2010 to "well into 2011." [DE 85-5 at 6.] The Request asks Green Tree to "investigate the concerns raised in this letter" and correct any errors. [Id.]

Green Tree's response included no information related to these alleged errors. [DE 85-6 at 1.] Instead, the letter disavows Green Tree's obligation to examine the provenance of Plaintiff's payments. [Id.] Green Tree states that "[Plaintiff's] assertions

of improper servicing by Bank of America are not timely and must be made within the context of [his] bankruptcy; not via a Notice of Error." [Id.]  This response does not constitute the required "written explanation or clarification" of the issues Plaintiff raised in his Qualified Written Request.  See § 2605(e)(2)(B)&(C).

Further, the Court rejects Defendant's arguments that Plaintiff has suffered no damages and that Plaintiff's intervening bankruptcy relieved Green Tree of its obligation to respond to the issues identified in the Request.  [See DE 105 at 7–8.]  As to the latter, the Court is persuaded by the Eastern District of Michigan's analysis in Conley v. Central Mortg. Co. that a servicer's obligation to respond to Qualified Written Requests under RESPA is not undone by the mortgagor's bankruptcy.  414 B.R. 157, 161 (E.D. Mich. 2009).  As to damages, Plaintiff has at least provided sufficient evidence that his attorney had to send another letter to Green Tree to obtain the requested information.  Plaintiff may recover this expense under RESPA.  See Cezair v. JPMorgan Chase Bank, N.A., No. DKC 13-2928, 2014 WL 4295048, at *8 (D. Maryland Aug. 29, 2014) (collecting cases for the proposition that the costs of such subsequent letters can be recovered as RESPA damages).

Defendant's Motion will therefore be denied with respect to Plaintiff's RESPA claim.

### C. The Court will enter summary judgment for Defendant on Plaintiff's Negligence claim.

The Court previously dismissed Plaintiff's Negligence claim in an Order dated April 13, 2015 [DE 83 at 7–9].  This dismissal was without prejudice.  [Id. at 13.]  However, Plaintiff's new Negligence count is substantially identical to the dismissed claim.  The Court has previously concluded that Plaintiff's Negligence theory is invalid

10

as to Green Tree.  The Court will therefore grant Green Tree's Motion for Summary Judgment on this Count.

As an aside, the Court observes that Plaintiff includes this Negligence Count to gain access to punitive damages.  [See DE 85 at 15 ("an award of punitive damage is appropriate in order to deter Green Tree from continuing to engage in similar negligent acts and omissions in the future.").]  But punitive damages are not likely appropriate in this case.  See Chrysler v. Wolmer, 499 So. 2d 823, 824 (Fla. 1989) ("The character of negligence necessary to sustain an award of punitive damages must be of 'a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to the consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.'")

## IV.     Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 105] is **GRANTED in part and DENIED in part** as follows.

2. Summary Judgment is **GRANTED** in Green Tree's favor as to Plaintiff's claims for Negligence Per Se against Defendant Green Tree (Count III).

3. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of July, 2015.

                                                    */s/ James I. Cohn*
                                                    JAMES I. COHN
                                                    United States District Judge

Copies provided to counsel of record via CM/ECF.