# IN THE UNITED STATES DISTRITC COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO. : 14-62137-CIV-COHN-SELTZER

**ROBERT BURDICK,**

    **Plaintiff,**

**vs.**

**GREENTREE SERVICING, LLC.**
**A Minnesota Limited Liability Company**

    **Defendants,**

_____/

## 1.1 General Preliminary Instruction

Members of the Jury:

   Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Robert Burdick, claims the Defendant, Green Tree ServicingLLC, violated the Fair Debt Collection Practices Act by sending letters containing false or misleading information in connection with his mortgage loan. Robert Burdick also claims that Green Tree Servicing violated the Real Estate Settlement Procedures Act by failing to conduct a reasonable investigation after he sent a Notice of Error concerning these statements.  Green Tree Servicing denies those claims and contends that [<u>describe counterclaims or affirmative defenses</u>].

<u>Burden of proof</u>:

Robert Burdick has the burden of proving [his/her/its] case by what the law calls a "preponderance of the evidence." That means Robert Burdick must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Robert Burdick and the evidence favoring Green Tree Servicing on opposite sides of balancing scales, Robert Burdick needs to make the scales tip to his side. If Robert Burdick fails to meet this burden, you must find in favor of Green Tree Loan Servicing.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Green Tree Servicing has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Green Tree Servicing must prove for any affirmative defense. After considering all the evidence, if you decide that Green Tree Servicing has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Robert Burdick will present his witnesses and ask them questions. After Robert Burdick questions the witness, Green Tree Servicing may ask the witness questions – this is called "cross-examining" the witness. Then Green Tree Servicing will present its witnesses, and Robert Burdick may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- · First, you must submit all questions in writing. Please don't ask any questions aloud.

- · Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- · Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

## 2.4 Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr. Golant is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is Mr. Golant's view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

**3.1 Introduction**

## IN THE UNITED STATES DISTRITC COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. : 14-62137-CIV-COHN-SELTZER

**ROBERT BURDICK,**

        **Plaintiff,**

**VS.**

**GREENTREE SERVICING, LLC.**
**A Minnesota Limited Liability Company**
        **Defendant,**
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

### 3.3 Consideration of Direct and Circumstantial Evidence;
   Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

### 3.7.1 Responsibility for Proof – Plaintiff's Claims Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff  to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

<u>ANNOTATIONS AND COMMENTS</u>

No annotations associated with this instruction.

11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

### 3.7.2 Responsibility for Proof – Affirmative Defense
####    Preponderance of the Evidence

In this case, the Defendant, asserts the affirmative defense[s] of _____. Even if the [Plaintiff] [Party bringing the claim] proves [his/her/its] claim[s] by a preponderance of the evidence, the [Defendant, Counter-Defendant, cross-claim Defendant] can prevail in this case if [he/she/it] proves an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the [Defendant, Counter-Defendant, cross-claim Defendant] does not have to disprove the [Plaintiff's] [Counter-Plaintiff's] [cross-claimant's] claim[s], but if the [Defendant, Counter-Defendant, cross-claim Defendant] raises an affirmative defense, the only way [he/she/it] can prevail on that specific defense is if [he/she/it] proves that defense by a preponderance of the evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>ANNOTATIONS AND COMMENTS</u>

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)

## <u>ADDITIONAL INSTRUCITION NUMBER 1</u>

## <u>CORPORATE REPRESENTATIVE</u>

A corporation can designate a representative or representatives to testify on the behalf of that corporation. The corporation is allowed to select the representative or representatives, but if the corporation selects more than one, they must speak with one voice as the voice of the corporation.  If the words of one representative vary from the words of the other, it should be considered the same as if one person were contradicting his own earlier testimony.

Source: Fed R. Civ P. Rule 30(b)(6); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996

## ADDITIONAL INSTRUCTION NUMBER 2

## SEPARATE CLAIMS

In this case, Plaintiff makes two separate claims against the Defendant.  The first claim is for violation of a federal law called RESPA – which stands for the Real Estate Settlement Procedures Act. The second claim is for violation of a federal law called the FDCPA – which stands for the Fair Debt Collection Practices Act. You should consider each of Plaintiff's claims separately.

Source: Adapted from Charge No. 6 in *Brash v. PHH Mortgage*, Case No. 4:09-CV-146 in the United States District Court for the Middle District of Georgia.

## ADDITIONAL INSTRUCTION NUMBER 3

## RESPA

The first claim for your consideration is Mr. Burdick's claim that Green Tree Servicing violated RESPA.  Plaintiff contends that Green Tree violated the RESPA provision that requires a loan servicer to investigate and respond to borrower inquiries. Under RESPA, a "servicer of a federally related mortgage loan" that receives a "qualified written request" from a borrower for information relating to the servicing of the loan must (1) acknowledge receipt of the request within five business days and (2) take any necessary corrective action within thirty business days. 12 U.S.C § 2605 (e).

A "qualified written request" must enable the loan servicer to identify "the name and account of the borrower" and must include "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C § 2605(e)(1)(B). In response to a qualified written request, the servicer must conduct a reasonable investigation and provide the borrower with a written explanation or clarification that includes, "to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer." 12 U.S.C § 2605(2)(B)(i).

If a servicer fails to comply with RESPA, the borrower may recover "any actual damages to the borrower as a result of the failure." 12 U.S.C § 2605(f)(1)(A).

Source: Adapted from Charge No. 6 in *Brash v. PHH Mortgage*, Case No. 4:09-CV-146 in the United States District Court for the Middle District of Georgia.

## **ADDITIONAL INSTRUCTION NUMBER 4**

## **FDCPA**

The second claim for your consideration is Mr. Burdick's claim that Green violated the Fair Debt Collection Practices Act. Mr. Burdick contends that Green Tree Servicing violated the Fair Debt Collection Practices Act by making false or misleading representations concerning both the character and amount of the debt it was attempting to collect; If you find that any of Green Tree Servicing's letters in evidence contain false or misleading statements you should find that Green Tree Servicing violated the Fair Debt Collection Practices Act, whether Green Tree Servicing intended to violate this law or not, unless you find that the violations of law were the result of bona fide error, as this affirmative defense is explained in the next instruction.

Source: 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692g(b); 15 U.S.C. § 1692f(1); *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008); *Taylor v. Perrin, Landry, deLaunay and Durand*, 103 F.3d 1232, 1238-39 (5th Cir. 1997); *Russel v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d. Cir. 1996); *Russey v. Rankin*, 911 F.Supp. 1449, 1455 (D. N.M. 1995)

## ADDITIONAL INSTRUCTION NUMBER 5

### BONA FIDE ERROR

Green Tree Loan Servicing contends that any violation of the Fair Debt Collection Practices Act that it committed should be excused by its affirmative defense of bona fide error.  For  Green Tree Loan Servicing to prevail under its bona fide error defense, it must prove that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the violation.

Concerning the first prong of the bona fide error test – whether the violation was unintentional – Green Tree Loan Servicing 's conduct can be considered intentional even if it lacked knowledge that its conduct violated the Fair Debt Collection Practices Act.

Concerning the second prong of the bona fide error test – whether the violation was a bona fide error –  Green Tree Loan Servicing.must prove that its claimed error was objectively reasonable and "bona fide," meaning that the error resulting in the violation was made in good faith; a genuine mistake, as opposed to a contrived mistake.

Concerning the third prong of the bona fide error test – whether the violation was made despite the maintenance of procedures reasonably adapted to avoid the

violation Green Tree Loan Servicing must prove that it in fact maintained –

actually employed or implemented – procedures to avoid the error at issue.

The Green Tree Loan Servicing must establish a bona fide error for each of

its alleged violations of the Fair Debt Collection Practices Act.

Source:  *Bassett v. I.C. System, Inc.*, 715 F.Supp.2d 803, 813 (N.D. Ill. 2010);
*Caputo v. Professional Recovery Services, Inc.*, 261 F.Supp.2d 1249, 1259 (D.
Kan. 2003); *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006); *Kort v.
Diversified Collection Services, Inc.*, 394 F.3d 530, 538 (7th Cir. 2005); *Johnson v.
Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002) *overruled on other grounds by
Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct.
1605, 176 L.Ed.2d 519 (2010)

NOTE:  Plaintiff reserves the right to object to this instruction if Green Tree fails
to present any evidence in support of its bona fide error defense.

## ADDITIONAL INSTRUCTION NUMBER 6

## LEAST SOPHISTICATED CONSUMER

In determining whether the Defendant violated any section of the FDCPA you are to apply the "least sophisticated consumer" standard. The FDCPA was not enacted for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous ..."

Source: Adapted from *LeBlanc v. Unifund CCR Partners, 601 F.3d 1185,*1193-1194  (11th Cir. 2010) *citing Jeter v. Credit Bureau*, 760 F.2d 1169 (11th Cir. 1985)

## ADDITIONAL INSTRUCTION NUMBER 7

## STRICT LIABILITY

The FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages. A single violation of the Act is sufficient to subject a debt collector to liability under the Act.

Source:  Adapted from *Chalik v. Westport Recovery Corp.,* 677 F.Supp.2d 1322m 1326 (S.D. Fla. 2009) *Castro v. A.R.S. Nat'l Servs., Inc.,* 2000 WL 264310, *2 (S.D.N.Y. Mar. 8, 2000) (citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir.1996)).

## ADDITIONAL INSTRUCTION NUMBER 8

## DAMAGES INCLUDING EMOTIONAL DISTRESS DAMAGES

Actual damages may include damages for such things as out of pocket expenses and lost time, but also for personal humiliation, embarrassment, mental anguish and emotional distress.  There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress.  Mental and emotional suffering and distress pass under various names such as mental anguish, aggravation, frustration and the like.  It includes all highly unpleasant mental reactions such as fright or grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea.  The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress.  Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate.

The law does require, however, that when making an award for mental and emotional suffering and distress you should exercise calm and reasonable judgment.  The compensation must be just and reasonable.

**Source: *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011)**

## ADDITIONAL INSTRUCTION NUMBER 9

## STATUTORY DAMAGES

If you find that Green Tree Servicing has violated the FDCPA  you may award Mr. Burdick additional damages, in addition to any actual damages or even if you do not award actual damages, in an amount not to exceed $1,000  for violating the FDCPA. In determining the amount of additional damages to be awarded, the FDCPA requires you to consider, frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional;

Source:  *Kobs v. Arrow Service Bureau, Inc.,* 134 F.3d 893 (7th Cir.1998)

# ADDITIONAL INSTRUCTION NUMBER 10

# UNCLEAN HANDS AS A DEFENSE TO FORECLOSURE

Under Florida law, a borrower may assert an "unclean hands" defense to a mortgage foreclosure. A party may be found to have "unclean hands" when it engages in conduct that would  "….be condemned by honest and reasonable men" even if that conduct is not criminal.

*Ocean View Towers Inc. v.  First Fidelity Sav. and Loan*. 521 So.2d 325,326 (Fla. 4th DCA 2008) Citing  *Roberts v. Roberts,* 84 So.2d 717, 720 (Fla.1956).

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

(11th Cir. Pattern Jury Instructions Using SD. Fla. Internet Utility)