IN THE UNITED STATES DISTRITC COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. : 14-62137-CIV-COHN-SELTZER

ROBERT BURDICK,

       Plaintiff,

vs.

BANK OF AMERICA, N.A.,
A Delaware Corporation,
GREENTREE SERVICING, LLC.
A Minnesota Limited Liability Company

       Defendants,
_____/

## PLAINTIFF ROBERT BURDICK'S MOTION TO AMEND JUDGMENT AND FOR A NEW TRIAL

      Plaintiff Robert Burdick, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 59 hereby moves to amend the judgment entered following the jury trial in this matter. (D.E. 169). In this case, the jury found in favor of Defendant Green Tree Servicing LLC (Green Tree) on Plaintiff's FDCPA claim, but it also expressly found that Green Tree violated the Real Estate Settlement Procedures Act ("RESPA") and that Plaintiff suffered $6000 in actual damages as a result. However, the jury also awarded a 100% set-off based upon its finding that Plaintiff failed to mitigate his damages. (D.E. 164). Apparently based on the jury's decision not to award Plaintiff any damages, the Court entered judgment in favor of Green Tree. (D.E. 169). However, as explained below, the jury's finding that Green Tree violated RESPA and thereby damaged Plaintiff means that Plaintiff is a prevailing party and is therefore entitled to an award of attorney's fees and costs - even if the ultimate implication of the jury's

verdict means that Plaintiff is not entitled to any actual or statutory damages. This is so because weight of a authority holds that were a plaintiff establishes a violation of a federal consumer protection statute, even in the absence of actual or statutory damages, that plaintiff is nevertheless a prevailing party entitled to an award of attorney's fees and costs. This would remain true even if the jury's 100% off-set based on the failure to mitigate damages stands.

Importantly however, the jury's set-off cannot stand for two different reasons. First, RESPA and related consumer protection statutes impose no duty to mitigate damages. As a matter of law therefore, this defense is simply not available. Second, even if the failure to mitigate defense were available for this claim, Green Tree adopted a legally invalid theory concerning Plaintiff's purported failure to mitigate in this case. As a result, Green Tree failed to offer any evidence that would support any arguably legally sufficient defense based on a failure to mitigate damages. Instead, Green Tree's "failure to mitigate" theory was based upon its contention that Plaintiff should have analyzed Green Tree's confusing business records himself in to determine why it incorrectly asserted he had not paid his mortgage since June of 2010, or that he should have continued to seek Green Tree's assistance *after* it violated RESPA by failing to conduct a reasonable investigation. Both theories impermissibly attempt to shift the investigative obligation that RESPA and its implanting Regulation X (12 C.F.R. §1024), impose upon the mortgage servicer to borrower. Far from establishing a legitimate defense, Green Tree's "failure to mitigate damages" argument in this case attempted to nullify the cause of action that Congress created, and shift its burdens onto Plaintiff.

The entry of the judgment in favor of the defendant on the RESPA claim is clearly a direct result of the jury's invalid award of a 100% set off against proven RESPA damages. However, because the failure to mitigate damages defense is not available to a RESPA defendant

and Green Tree's theory and evidence would be legally insufficient even if the defense was available, the jury's award of a set off cannot transform a mortgage servicer that has been shown to have violated RESPA into a prevailing party. The judgment in favor of Green Tree therefore cannot stand. The Court must either vacate the judgment and enter a new judgment in favor of Plaintiff, or order a new trial.

Additionally, Plaintiff is also entitled to a new trial on his claim arising under the Fair Debt Collection Practices Act (FDCPA). The jury should not have been permitted to consider whether Green Tree was engaged in debt collection activity when it admitted that it was engaged in efforts to collect money from Plaintiff in order avoid foreclosing on Plaintiff's home. Green Tree's argument that it was not engaged in debt collection activity rests on a distinction between debt collection and the enforcement of a security interest that the 11th Circuit has rejected. Thus, Green Tree's corporate representative's acknowledgement that the correspondence it sent was motivated by an effort to collect money to avoid the enforcement of a security interest establishes, as a matter of law, that it was engaged in debt collection activity covered by the FDCPA. Plaintiff timely moved for judgment as a matter of law on this point, but the Court denied that motion. The jury should not have been permitted to consider Green Tree's argument to the contrary. It is entirely possible that this argument was the basis for its finding in defendant's favor on the FDCPA claim.

Furthermore, the jury should not have been instructed on, or permitted to consider, Green Tree's "bona fide error" defense, because there was no evidence of any procedures designed to avoid the FDPCA violation at issue in the case at bar. To the contrary, Green Tree denied that the correspondence it sent to Plaintiff violated the FDCPA. It naturally follows therefore that Green Tree could not have established that it maintained any procedures designed to avoid

sending letters that Green Tree steadfastly maintains complied with the FDCPA. The instruction on the bona fide error defense carried with it related instructions concerning intent. The jury even asked a question indicating that it was confused as to whether intent were a necessary element of an FDCPA claim. Accordingly it cannot be said that the error was harmless.

### I.  THE JURY'S FINDING THAT GREEN TREE VIOLATED RESPA AND CAUSED DAMAGE MANDATES THE ENTRY OF JUDGEMENT IN PLAINTIFF'S FAVOR

The jury in this case expressly found that Plaintiff had proven, by a preponderance of the evidence, that Green Tree violated RESPA. (D.E. 164). The jury also found that Plaintiff had also proven that Plaintiff sustained $6000 in actual damages, but awarded a 100% set off for failure to mitigate damages. (D.E. 164). Of course, Plaintiff maintains that a RESPA plaintiff has no duty to mitigate damages, and even if that defense were available, Green Tree failed to offer any legally sufficient evidence in support of that affirmative defense in this case. Those arguments are discussed below. But even if the failure to mitigate defense were valid, and the jury's 100% set-off stands, Plaintiff would nevertheless be entitled to judgment in his favor and an award of attorneys fees and costs incurred in the proving the violation. Under analogous circuit court precedent arising in the FDPCA context, the jury's finding that Green Tree violated RESPA thereby causing Plaintiff damages mandates the entry of judgment in Plaintiff's favor, and also an award of prevailing party attorney's fees and costs.

While Plaintiff can find no relevant circuit level precedent arising in the RESPA context, both the Second Circuit and the Seventh Circuit have found that an FDPCA plaintiff is the prevailing party even where the jury awards no actual or statutory damages. Conversely, the 5th Circuit has reached the opposite conclusion, its analysis is based upon language in the text of the FDCPA that is not found in RESPA. Indeed, as explained below, the plain language of RESPA

is even clearer than the FDCPA, and it compels the conclusion that a consumer who proves that he has been damaged by a RESPA violation is entitled to an award of prevailing party attorney's fees and costs.[1]

In *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808-809 (2d Cir. 1989) the Second Circuit found that the defendant debt collector had violated the FDCPA. However, it also found that that the Plaintiff in that case failed to plead or prove any actual damages and that the debt collector defendant's conduct did not warrant an award of statutory damages. *Id.* at 809. Nevertheless, the Plaintiff had demonstrated that the defendant debt collector did in fact vioalte the FDCPA, *Emanuel* concludes that the Plaintiff was the prevailing party and therefore entitled to an award of attorneys' fees and costs. *Id.*

Similarly, in *Pipiles v. Credit Bureau of Lockport Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), the Second Circuit reached the same result in a subsequent case where it found that no award of either actual, or statutory, damages was appropriate. In that case, the Second Circuit explained "[b]ecause the FDCPA was violated, however, the statute requires the award of costs and a reasonable attorney's fee." *Id.* citing *Emanuel.*

Similarly in *Tolentino v. Friedman*, 46 F.3d 645, (7th Cir. 1997), the 7th Circuit adopted the view that the mere fact that the defendant violated the FDCPA was sufficient to justify the award of prevailing party attorney's fees to the Plaintiff. ." *Id.* at 651 citing *Pipiles,* 886 F.2d at 28.

---

[1] The jury's finding on this point is perplexingly inconsistent. The jury found that Plaintiff had sustained $6000 in RESPA damages, but also awarded a $6000 set-off. Thus, it is possible to interpret the verdict as finding that Plaintiff was damaged, as well as finding that he was not. Even if the failure to mitigate finding were legally sustainable (and it is not) this irreconcilable ambiguity would require a new trial in any event. Inconsistent or ambiguous verdicts must be reconciled only if that can be accomplished from a *fair* reading of the verdict. *See E.g. Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983)(Emphasis in the original) citing *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973).

*Tolentino* further explains that:

> [t]he reason for mandatory fees is that congress chose a "private attorney general" approach to assume enforcement of the FDCPA. Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.
>
> Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights.
>
> *Id.* at 651-652 citing *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991) and *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)

Conversely, in *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996), the 5th Circuit reached the opposite result. In that case, Court focused on one specific excerpt from the FDCPA's damages provisions in support of its rejection of the other circuit's construction. *Johnson* relies upon language in the FDCPA's damages provision stating that:

> (3) in the case of any **successful action to enforce the foregoing liability**, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.
>
> *Id.* at 150 -151 citing 15 U.S.C. § 1692k (emphasis in *Johnson*).

The 5th Circuit in *Johnson* concluded that because the plaintiff in that case *did* establish a violation of the FDCPA, but *did not* establish entitlement to actual or statutory damages, the plaintiff similarly failed to enforce any "liability", and therefore was not the prevailing party.

*Johnson* rejects the contrary authority from the other circuits explaining that "[t]his approach takes the language of the statute out of context and fails to give any meaning to the limiting phrase "to enforce the foregoing liability." *Id.* at 151.  Thus, *Johnson's* analysis expressly turns on this limiting phrase.

It is not necessary for the Court to take a side in this dispute between the Second and the Seventh Circuit on the one hand, and the Fifth Circuit on the other. The limiting phrase that *Johnson* turns upon does not appear in anywhere within the text RESPA.  Rather, the relevant provision of RESPA provides simply that:

> **Damages and costs**   Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> **(1) Individuals**   In the case of any action by an individual, an amount equal to the sum of—
>
> **(A)** any actual damages to the borrower as a result of the failure; and
>
> **(B)** any additional damages, as the court may allow, in the case of a pattern or practice of   noncompliance with the requirements of this section, in an amount not to exceed $2,000.
>
> ***
>
> **(3) Costs**
>
> In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

12.  U.S.C § 2605(f) (Emphasis in the original)

Thus, RESPA's plain language is easily reconciled with the Second and Seventh Circuit's construction of the FDPCA. By its plain language, RESPA provides that attorneys fees and costs must be awarded "in addition to" actual or statutory damages. It naturally follows that even if the jury's award of a 100% set off for damages stands, it does not change the fact that Plaintiff proved the statutory elements of a RESPA violation, including $6000 in actual damages. The jury's finding concerning the failure to mitigate damages, even if it stands, is an extenuating circumstance that may reduce, or even negate Plaintiff's damages recovery. However, it does not change the fact that he proved all requirement elements of a RESPA violation. Accordingly, Plaintiff is the prevailing party on the RESPA claim, and is therefore entitled to an award of attorneys fees and costs. Even if the Court determines that the set-off for failure to mitigate damages may stand, the Court should vacate the judgment in favor of Green Tree and enter a new judgment in favor of Plaintiff while retaining jurisdiction to consider an appropriate award of attorneys fees and litigation costs.

## II.  A RESPA PLAINTIFF IS NOT UNDER ANY DUTY TO MITIGATE DAMAGES

As the operative language from RESPA excerpted above reflects, the statute's plain language simply does not impose any obligation upon the borrower to mitigate their damages. To the contrary, it unconditionally imposes liability for "any actual damages to the borrower as a result of the failure" to comply with RESPA's obligations.   As the Eleventh Circuit has explained  "[w]e begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." *CBS Inc. v. Prime Time 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001)  citing *Harris v. Garner,* 216 F.3d 970, 972 (11th Cir.2000) (en banc).  The 11th Circuit has "… also said just as frequently that "[w]hen the import of words

Congress has used is clear ... we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." *Id.* Citing *Harris* 26 F.3d at *Id.* at 976. In other words, "[w]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *Id.* Citing *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1186 (11th Cir.1997) (citation omitted). "The rule is that 'we must presume that Congress said what it meant and meant what it said.'" *Id.* citing *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) (citing *Connecticut Nat'l Bank v. Germain*), 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)).

Here, the relevant statutory language is clear. A mortgage servicer is liable for any damages a borrower sustains as a result of the servicer's failure to comply with RESPA, the statute contains no reference to any duty to mitigate damages. While the duty to mitigate damages is a well established common law principal, it does not necessarily follow that Congress naturally intended to incorporate it as a defense to a statutory cause of action. For example, the recovery of punitive damages is also a well-established under the common law. *See E.g. Silkwood v. Kerr-McGhee*, 104 S.Ct. 615, 625; 464 U.S. 238,255; 78 L.Ed.2d 443 (1984). However, RESPA's plain language limits recoverable damages to actual damages and, in some circumstances, statutory damages. Congress was certainly free to depart from settled common law principals when it declined to authorize the recovery of punitive damages against the servicer, it was equally free to do so when it declined to impose a duty to mitigate actual damages upon the borrower.

Furthermore, in the Title VII context, a plaintiff is under a duty to mitigate damages in connection with a claim for back pay. However, the basis of this duty comes from the statutory itself, not common law. *See generally Booker v. Taylor Milk Co.*, Inc. 64 F.3d 860, 865 (3d Cir.

1995)(describing the Title VII Plaintiff's "statutory duty" to mitigate damages). Thus, if Congress intended to impose upon RESPA plaintiffs the duty to mitigate damages, it knew how to do so. This Court should not infer that Congress intended to impose this obligation when there is nothing the text of the statute to support such a conclusion.

Furthermore, RESPA is a consumer protection statute and must be construed liberally to best serve Congress's intent. *See E.g. McLean v. GMAC Mortgage Corp.*, 398 Fed.Appx. 467, 471(11th Cir. 2010) citing *Hardy v. Regions Mortg., Inc.,* 449 F.3d 1357, 1359 (11th Cir.2006); *Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703, 707 (11th Cir.1998). Obviously, reading a duty to mitigate damages into the statute benefits only mortgage servicers, and is therefore inconsistent with the 11th Circuit's mandate requiring this Court to construe the statute liberally in favor of consumers.

In the case at bar, the jury found that Green Tree violated RESPA. Because there was no duty to mitigate damages, the issue should not have been presented to the jury. In any event, the jury's award of a 100% set-off for failure to mitigate damages cannot negate Green Tree's violation. The set off should be disregarded and the Court should enter judgment in Plaintiff's favor in the amount of $6000, and retain jurisdiction to consider an appropriate award of attorneys fees and litigation costs. Alternatively, the Court should vacate the judgment and order a new trial.

### III. ALTERNATIVELY, EVEN IF A RESPA PLAINTIFF IS UNDER A DUTY TO MITIGATE DAMAGES, DEFENDANT RELIED ENTIRELY UPON A LEGALLY INSUFFICIENT THEORY IN SUPPORT OF ITS DEFENSE IN THIS CASE, AND THEREBY FAILED TO OFFER ANY LEGALLY SUFFICIENT EVIDENCE IN SUPPORT OF ITS RELATED AFFIRMATIVE DEFENSE

Even if the duty to mitigate damages theoretically applies to a RESPA claim, Green Tree's theory in this case was particularly inimical to the Congress's consumer protection

objectives embodied by RESPA.  At trial, Plaintiff objected to the Green Tree's request to instruct on the failure to mitigate damages defense, on the grounds that there was no evidence supporting any such failure. [2]  During closing Green Tree argued that Plaintiff should have reviewed Green Tree's confusing business records himself in order to discover the connection between Green Tree's patently incorrect contention that he "failed to submit his mortgage payments due from June 1st, 2010" and its predecessor's disputed application of force-placed insurance charges.  Green Tree also argued that Plaintiff should have continued to call Green Tree by phone, even after it failed to adequately respond to his written correspondence, despite its affirmative obligation to respond under RESPA.

However, in enacting RESPA, Congress placed affirmative obligations on mortgage servicers that require the servicer to correct any servicing error identified by the borrower, or to clearly explain to the borrower the reason why the servicer believes that no servicer occurred.  Green Tree's theory in this case impermissibly attempts to transfer both of these obligations to the borrower.  Allowing Green Tree to prevail in this case on the grounds that Plaintiff's duty to mitigate his damages required him to take upon himself the very burden that Congress placed upon Green Tree would be patently inconsistent with Congress's consumer protection purpose behind RESPA.  Thus, even if the Court is not convinced that a RESPA plaintiff is *never* under any duty to mitigate damages, it still must find that there was no legally sufficient basis for the jury to find that Plaintiff failed to mitigate his damages in this case.  Thus, the set off should be disregarded and the Court should enter judgment in Plaintiff's favor in the amount of $6000, and

---

[2] Plaintiff has ordered the relevant portion of the trial transcript, but it is not currently available.  Plaintiff must file this motion within Rule 59's jurisdictional deadline, and therefore cannot wait for the transcript.  However, Plaintiff will seek leave to supplement this motion once the transcript is available.

retain jurisdiction to consider an appropriate award of attorneys fees and litigation costs. Alternatively, the Court should vacate the judgment and order a new trial.

### IV.  A NEW TRIAL IS REQUIRED BECAUSE GREEN TREE'S CORPORATE REPRESENTATIVE'S TESTIMONY ESTABLISHES THAT GREEN TREE WAS INVOLVED IN DEBT COLLECTION ACTIVITY COVERED BY THE FDCPA, AND THAT ISSUE THEREFORE SHOULD NOT HAVE BEEN PRESENTED TO THE JURY

During the trial, Green Tree argued that the letter that gave rise to Plaintiff's claims did not represent an effort to collect a debt, and therefore was not covered by the FDCPA.  Green Tree's argument was based largely upon boiler plate language that referred indicated that the letter was "not a bill."  However, during both direct and cross-examination,  Green Tree's corporate representative repeatedly admitted that the purpose of the letter was to induce Plaintiff to make payments on his mortgage loan account in order to obviate the need for Green Tree to attempt to enforce the mortgagee's security interest.  Under controlling precedent,  Green Tree' s testimony demonstrates as a matter of law that it was indeed involved in debt collection activity covered by the FDPCA. In fact, in *Reese v. Ellis Painter Ratterree & Adams*,  LLP., 678 F.3d 1211,1217  (11th Cir. 2012)  the 11th Circuit rejected substantially the same argument that Green Tree made in this case. In that case, the debt collector defendant asserted that the correspondence at issue there did not represent debt collective activity.  "…because the purpose was simply to inform the [the consumer] that [the mortgagee] intended to enforce its security deed through the process of non-judicial foreclosure."  The 11th Circuit soundly rejected that position, explaining , "[t]hat argument wrongly assumes that a communication cannot have dual purpose. Even if the [debt collector] intended the letter and documents to give the [consumer] notice of the foreclosure, they also could have—and did—demand payment on the underlying debt."   Just as in *Reese*, Green Tree's corporate representative's testimony establishes that the correspondence

at issue in this case was sent to give Plaintiff notice that Green Tree would proceed with enforcement of the security interest in his home, unless he made satisfactory payment arrangements.  Under *Reese,* as a matter of law, this was debt collection activity covered by the FDCPA.  Plaintiff moved for judgment as a matter of law establishing that this element of his FDPCA claim was established.  However, the Court denied that motion and permitted Green Tree to offer extensive argument asserting that it was not engaged in an effort to collect a debt.  It is entirely possible that the jury accepted this argument when it found that Plaintiff failed to prove an FDCPA violation.  While this was a somewhat complicated legal question, the facts were undisputed.  As a matter of law, Green Tree was engaged in debt collection activity.  The Court should have granted Plaintiff's motion for judgment as a matter of law on this point, and Green Tree should not have been permitted to argue that it was not engaged in debt collection activity.  It is entirely possible that the jury's came conclusion that Green Tree did not violate the FDCPA because it accepted Green Tree's legally baseless position that the letters is sent Plaintiff did not constitute debt collection activity.  A new trial on the FDCPA claim is therefore required.

### V.   BECAUSE THE COURT ERRONEOUSLY INSTRUCTED THE JURY ON THE BONA FIDE ERROR DEFENSE, A NEW TRIAL IS REQUIRED

Plaintiff also objected to Green Tree's proposed instruction on the bona fide error defense, but the Court overruled that objection.  In order to prevail on a bona fide error defense, a debt collector defendant must prove  that its error "(1) was "not intentional"; (2) was "a bona fide error"; and (3) occurred despite the maintenance of procedures "reasonably adapted to avoid any such error."  *See E.g. Owen v. I.C. System Inc.,* 629 F.3d 1263,1271  (11th Cir. 2011) citing *See Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352 (11th Cir.2009)

In the case at bar, Plaintiff maintained that Green Tree's representation that in the letters it sent to him that he had "fail[ed] to submit [his] monthly payments due 06/01/2010 through 06/01/2014", was false or misleading because, in fact, he made payments for sixteen months thereafter, and stopped only after Green Tree's predecessor refused his payments and began returning them. Green Tree insisted that this statement was neither false nor misleading. It did not present a scintilla of evidence indicating that it maintained any procedures reasonably adapted to avoid the violation. Instead, it insisted that there was no violation to avoid. Accordingly, Plaintiff objected to Green Tree's proposed bona fide error instruction.[3] However, the Court overruled that objection and instructed Green Tree on bona fide error. (D.E. 168, p.12). As the instruction correctly reflects, the question of whether Green Tree's violation was intentional or unintentional is implicated by that instruction. During its deliberations, the jury sent a written question asking:

> Regarding FDCPA:
>
> Does the word "misleading" indicate intent? Should we equate it with "confusing" which suggests an unintentional act?

(D.E. 166, p.1).

The jury's question demonstrates that it struggled with the question of whether a debt collector could be held liable for violating the FDPCA unintentionally. But as the 11th Circuit explained in *Owen*, the FDCPA is generally strict liability statute, except that the bona fide error defense provides a "narrow exception" to strict liability where it applies. *Id.* at 1271. Here, the jury's question provides strong evidence that bona fide error instruction actually prejudiced Plaintiff.

---

[3] As noted in foot note 1, Plaintiff has ordered the transcript, but it is not yet available. Due to the imminent passage of Rule 59's jurisdictional deadline, Plaintiff cannot wait for the transcript before filing this motion, but will seek to supplement the motion once the transcript is available.

Because there was no basis for the bona fide error instruction, it should not have been given. If it was not given, the issue of intent would not have been raised by any other jurisdiction.

## CONCLUSION

For the reasons described above, the Court should enter judgment in favor of Plaintiff on the RESPA claim, and order a new trial on the FDCPA claim.  Alternatively, it should order a new trial on both claims.

Respectfully Submitted,

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.

1999 N. University Drive 213
CORAL SPRINGS, FL 33071
Phone:  (954) 942-5270
Fax:     (954) 942-5272
Email:   jgolant@jeffreygolantlaw.com
By: **/S/ JEFFREY N. GOLANT ESQ.**
Fla. Bar. No. 0707732
Counsel for Plaintiff Robert Burdick

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties an non-parties who may be affected by the relief sought in the motion but was unable to resolve any of the issues raised.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion To Amend Judgment and For a New Trial was filed using CM/ECF and served via Notice of Electronic Filing on the following counsel of record on September 30th , 2015:

John W. Bustard ESQ.
**Shutts & Bowen**
201 S Biscayne Boulevard
Suite 1500 Miami Center
Miami, FL 33131
305-358-6300
Fax: 381-9982
Email: jbustard@shutts.com
Counsel for GreenTree Loan Servicing

**/s/ Jeffrey Golant**